UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
TORREY BROWN,

                        Plaintiff,                    **MEMORANDUM & ORDER**
                                                                                      19-CV-6755 (RPK)

                       v.

COUNTY OF KINGS; DISTRICT ATTORNEY
ERIC GONZALEZ; ADA CHELSEA TODER; CPT
BANKS J.; CORRECTION OFFICER BROWN;
CORRECTION INVESTIGATOR TIMOTHY
FRIES,

                        Defendants.
------------------------------------------------------------------
RACHEL P. KOVNER, United States District Judge:

       Plaintiff Torrey Brown, a state prisoner, brought this *pro se* lawsuit under 42 U.S.C. § 1983 seeking damages for false arrest, false imprisonment, and malicious prosecution. He names as defendants Kings County, Kings County District Attorney Eric Gonzalez, Kings County Assistant District Attorney Chelsea Toder, a law enforcement officer identified as "Cpt. Banks J." ("Captain Banks"), Correction Investigator Timothy Fries (for whom plaintiff provides a shield number), and Correction Officer Brown (for whom plaintiff also provides a shield number). He seeks to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, I grant plaintiff's IFP request but dismiss (i) all of his claims against Kings County, District Attorney Gonzalez, and Assistant District Attorney Toder, and (ii) his official-capacity claims against the remaining defendants. Plaintiff's individual-capacity claims against Captain Banks, Correction Investigator Timothy Fries, and Correction Officer Brown may go forward for now.

1

## I. Factual Background

Plaintiff's complaint alleges that Correction Investigator Fries investigated him under the supervision of Captain Banks. Complaint ("Compl.") 5. He asserts that, following the investigation, Fries arrested him without probable cause. *Id.* at 5-6. Plaintiff asserts that Fries relied on "unsupported" and "false" statements of Correction Officer Brown in making the arrest. *Ibid*. The complaint does not specify the employer of defendants Banks, Fries, or Brown.

Plaintiff claims that, after his alleged arrest, he was falsely imprisoned at Rikers Island on multiple criminal charges, including attempted murder in the second degree. *Id.* at 6. He further states that Kings County and District Attorney Gonzalez began a criminal proceeding against him through Assistant District Attorney Toder. *Ibid*. Plaintiff writes that the prosecution "was instituted with malice, as this arrest and prosecution was due to false and unsubstantiated statements." *Ibid*. He states that the prosecution was ultimately terminated in his favor. *Ibid*.

Plaintiff filed this lawsuit in 2019. *Id.* at 1. In his complaint, plaintiff alleges that Fries, Banks, and Brown falsely arrested him in violation of his Fourth Amendment rights. *Id.* at 6. He also alleges that Kings County, Gonzalez, Toder, and Fries violated his Fourth Amendment rights by maliciously prosecuting and unlawfully imprisoning him. *Ibid*. Plaintiff states that all defendants are being sued in their personal and official capacities. Compl. 1. He seeks $4,448,000 in damages. *Id.* at 6.

## II. Standard of Review

When an incarcerated person files a civil suit seeking redress from a governmental entity or from government officers or employees, the district court must "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon

2

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A district court is similarly obligated to dismiss any case brought *in forma pauperis* if the court determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

When a court applies these standards to a *pro se* litigant's complaint, the complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 1999) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

3

**III.     Discussion**

Plaintiff's claims against Kings County, District Attorney Gonzalez, and Assistant District Attorney Toder must be dismissed, along with plaintiff's claims against the remaining defendants in their official capacities. Plaintiff has failed to set out a basis for subjecting Kings County to liability under 42 U.S.C. § 1983 because he does not allege that any county policy or custom led to the violation of his rights. Plaintiff's claims against Gonzalez and Toder are barred by prosecutorial and sovereign immunity. And plaintiff has also failed to set forth a valid basis for official capacity claims against the remaining defendants. Plaintiff's claims against the remaining defendants in their individual capacities may go forward for now.

**A.  Claims Against Kings County**

Plaintiff has failed to state a valid claim against Kings County under 42 U.S.C. § 1983. To state a section 1983 claim against a municipality, a plaintiff must plead the existence of "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quotation omitted). The plaintiff need not identify an "explicitly stated rule or regulation," but he must plead at least "circumstantial" facts that would permit a factfinder to infer the existence of a municipal policy or custom that contributed to the alleged violations of the plaintiff's rights. *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 122-23 (2d Cir. 1991). Merely "employ[ing] a tortfeasor" is not enough. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Applying these standards, plaintiff's claims of malicious prosecution and false imprisonment against Kings County must be dismissed because plaintiff has failed to allege facts suggesting that an official policy or custom led to the violation of his constitutional rights. Plaintiff merely alleges that—in his individual

4

case—Kings County and other defendants "commenced a criminal proceeding against him" without probable cause, "made [him] out to be a menace," falsely arrested him, and "instituted [his prosecution] with malice." Compl. 5-6. Even liberally construed, those allegations against Kings County are inadequate to state a section 1983 claim because they do not support an inference that plaintiff's arrest was the product of any official policy or custom. Accordingly, plaintiff's claims against Kings County must be dismissed.

### B. Claims Against District Attorney Gonzalez and Assistant District Attorney Toder

Plaintiff's malicious prosecution and false imprisonment claims against District Attorney Gonzalez and Assistant District Attorney Toder are barred by sovereign and prosecutorial immunity. Plaintiff seeks to pursue claims against those defendants in both their official and personal capacities. But sovereign immunity bars the official-capacity claims. In particular, when a private party sues a state government employee "for damages in his [or her] official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993). Here, because plaintiff's official-capacity claims against defendants Gonzalez and Toder are for monetary damages, Compl. 6, those claims are barred by Eleventh Amendment sovereign immunity.

Plaintiff's personal-capacity claims against defendants Gonzalez and Toder must also be dismissed based on prosecutorial immunity. It is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir.

5

2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)); *see Warney v. Monroe Cty.*, 587 F.3d 113, 120–21 (2d Cir. 2009). Prosecutors engaging in "prosecutorial activities intimately associated with the judicial phase of the criminal process" only lose absolute immunity if they act "without any colorable claim of authority." *Shmueli*, 424 F.3d at 237 (quotations omitted). For example, prosecutors retain absolute immunity even when the plaintiff alleges the "knowing use of perjured testimony" or the "deliberate withholding of exculpatory information"—such conduct may be "reprehensible," but it still reflects the exercise of prosecutorial discretion. *Ibid.* Applying those principles here, plaintiff's claims against the two prosecutors must be dismissed. Plaintiff's allegations that Gonzalez and Toder violated his rights by prosecuting and imprisoning him without probable cause and in reliance on false statements, Compl. 6, amount only to allegations that Gonzalez and Toder carried out their prosecutorial roles improperly—not allegations that they acted "without any colorable claim of authority," *Shmueli*, 424 F.3d at 237. Absolute prosecutorial immunity therefore shields Gonzalez and Toder from personal liability based on plaintiff's claims.

### C. Claims Against Captain Banks, Correction Investigator Fries, and Correction Officer Brown

Plaintiff's official-capacity claims against the remaining defendants must also be dismissed. It is not clear from the complaint whether Captain Banks, Correction Investigator Fries, and Correction Officer Brown are city or state employees, but the official-capacity claims do not survive under either standard. If these defendants are state employees, they are immune from suit in their official capacities under the Eleventh Amendment. *See Ying Jing Gan*, 996 F.2d at 529. And if these defendants are employees of a municipality, the complaint does not adequately allege official-capacity claims against them because the complaint does not allege that the deprivation of

6

his constitutional rights stemmed from a municipal policy or custom. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005); *Davis v. Stratton*, 360 F. App'x 182, 183 (2d Cir. 2010) (citing *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 124-25 (2d Cir. 2004)). Plaintiff's individual-capacity claims against these defendants may go forward for now.

### IV. Conclusion

Plaintiff's claims against Kings County, Gonzalez, and Toder, as well as plaintiff's official-capacity claims against Banks, Fries, and Brown, are dismissed without prejudice. The Clerk of Court is directed to amend the caption to reflect these dismissals. Plaintiff is granted 30 days to file an amended complaint that fixes the deficiencies identified in this Order if he wishes to do so. The new complaint must be captioned "First Amended Complaint" and bear the same docket number as this Order. Any amended complaint will completely replace the previously filed complaint in this action and should therefore include all claims that plaintiff wishes to pursue. Further proceedings in this case are stayed for 30 days. If plaintiff does not file an amended complaint within 30 days, the Clerk of Court shall issue a summons to defendants Banks, Fries, and Brown. While the complaint does not explicitly name these defendants' employer, there are some indications that they may be employees of the New York City Department of Corrections. *See* Compl. 1, 5. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

                                            */s/ Rachel Kovner*
                                            RACHEL P. KOVNER
                                            United States District Judge

Dated:  Brooklyn, New York
         July 30, 2020